State ex rel. Graham, Auditor, and Dubuclet, Treasurer, v. Judge of Eighth District Court

I. The object of the proceeding against the Auditor and Treasurer is to make them register bonds of the State of Louisiana in favor of the New Orleans, Mobile and Texas Railroad Company for $750,000, so that said bonds might be delivered to them. If judgment had been rendered against the railroad company, would it have had the right of appeal under the allegations in the petition? We can not conceive that there could be a doubt of this. The matter in dispute is the issuing of bonds to the amount of $750,000; the registration thereof by the Auditor and Treasurer being acts which, under the law of 1870, should precede their delivery to the railroad company.

II. The Auditor and Treasurer are the defendants in the suit. It would be most strange if they could not appeal from a judgment against them, when the matter in dispute exceeds five hundred dollars.

The cases relied on by the judge a quo, reported in 9 An. 400, and 12 An. 498, are totally inapplicable to this case. Article 564, C. P., declares that "an appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have a judgment of an inferior court corrected." This right is secured not only to all who are parties to the suit, but to third persons when they are aggrieved by the judgment. Art. 571 C. P.

We consider the answer of the judge a quo insufficient to justify his refusal of the appeal.

It is therefore ordered that the Judge of the Eighth District Court of the parish of Orleans do grant a suspensive appeal as prayed for, according to law.

---

### No. 231.—STATE v. R. W. SNOW and JOHN J. HOPE.

The omission of the district attorney to sign the finding of the grand jury, will not avail the sureties on the bond given by the accused before the indictment was found. 21 An. 600. The question as to how the amount came to be written in the body of a bond given for the release of a criminal can not be examined in a suit against the sureties for its forfeiture.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *W. J. Q. Baker*, Judge, ad hoc. *W. W. Farmer*, District Attorney, Fourteenth Judicial District, for the State. *J. & L. D. McEnry* and *Stubbs & Cobb*, for defendants and appellants.

HOWE, J. This is an appeal from a judgment of forfeiture of a bail bond for $1000, given by defendant, Snow, as principal, and the defendant, Hope, as surety.

*First*—The appellants urge that the indictment found by the grand jury against Snow was not signed by the district attorney. The finding was signed by the foreman of the grand jury. Admitting that the omission of the usual signature of the district attorney at the foot of the indictment was an irregularity (and as to this we express no

opinion), we do not perceive how it can avail the appellants. They gave the bond about a year before the indictment was found, conditioned that Snow would "appear at the next term of the court and from term to term, and there remain until discharged in due course of law, and not depart thence without leave of the court." Instead of appearing and urging the alleged irregularity of the indictment, Snow ran away and Hope failed to produce him when called for. The condition of the bond is clearly broken. State *v.* Ainslie, 13 An. 293; State *v.* Loeb, 21 An. 600.

*Second*—The appellants complain that on proceeding to perfect the bond the State offered and put in evidence without proof of signature a letter of Hope dated February 15, 1868, authorizing the sheriff to fill up with the amount of the bail a blank bond which Hope had left with him. We are unable to perceive the force of this objection. The letter was of no importance either for or against appellants. It bore date some time prior to the filing of the bond. There is no pretense that the signature to the bond is not genuine, that the amount is incorrect or the recitals insufficient. It was offered by the State as a part of the record, and it is rather late now to inquire into the manner in which the amount came to be written in the body of the instrument. prior to its being filed.

Judgment affirmed.